McKinney, J.,
delivered the opinion of the Court.
The question in this case, is, can a suit in the name of an infant plaintiff, suing by his next friend, be prosecuted i forma pauperis, under the act of 1821, upon oath being made by the next friend, that ■he is unable to bear the expenses of the suit.?
*132 We concur in opinion with the Circuit Judge, that this is not allowable. At common law, an infant was obliged to sue by guardian; but by the statutes of Westminster, 1, ch. 48, 2 ch. 15, he may, in certain cases, sue by prochein ami. An infant is supposed to be incapable of appointing an attorney, to appear for him, or of binding himself for costs. Hence the necessity of his suing by guardian, or next friend. The guardian, or next friend, is liable for costs, and brings the suit at his peril; and execution issues against him for costs of suit, in case the infant fails in the action; though, if his conduct were proper in bringing the suit, he will be refunded his costs out of the infant’s property. There is some difference of opinion, as to whether the defendant in whose favor judgment is rendered for costs,, may not elect to take execution either against the infant, or against the next friend or guardian: the better opinion, however, seems to be, that no execution for costs can issue against the infant. The judgment for costs was given instead of the common law amercement of the plaintiff, pro falso clamore; and as an infant could not be subject to an amercement, it would seem that he could not be liable for costs. But, however this may be, it is clear that a guardian, or next friend, cannot commence a suit on behalf off an infant, without first giving bond and security for costs, as required by act of 1787, ch. 19, § 1.
Any person, as next friend, may sue for an infant, upon complying with this requirement of the law, but not otherwise; though if he be an improper-person, or has brought an improper case before *133 the Court, the Court, in its discretion, may, dismiss the suit. See Reeve's Domestic Relations, ch. 7.
The right to commence, a suit without security for costs, conferred by the act of 1821, is á right personal to the plaintiff. The guardian or next friend of an infant plaintiff, cannot avail himself of it. And the fact, that the person who assumes to act as next friend, is unable to give security for the prosecution of the suit, is a very sufficient reason why he should neither seek, nor be permitted, to place himself in that attitude.
In this view, the suit was properly dismissed, and the judgment is affirmed.